PEOPLE v A J LEE

CRIMINAL LAW—PLEA OF GUILTY—SELF-INCRIMINATION—AFFIRMATIVE WAIVER.

A plea of guilty accepted after June 2, 1969, must be set aside where the record of the plea proceedings shows that the defendant was not advised of his right against compulsory self-incrimination, and, consequently, made no affirmative waiver of this right.

Appeal from Genesee, Donald R. Freeman, J. Submitted Division 2 March 1, 1972, at Lansing. (Docket No. 12188.) Decided May 1, 1972.

A. J. Lee was convicted, on his plea of guilty, of possession of heroin. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, and *Joel B. Saxe,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Richard S. McMillin,* Assistant Defender, for defendant on appeal.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 357, 367, 449.
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Per Curiam. Defendant appeals from his plea-based conviction of possession of heroin, MCLA 335.153; MSA 18.1123. When a plea of guilty is accepted after the decisional date of *Boykin v Alabama,* 395 US 238; 89 S Ct 1709; 23 L Ed 2d 274 (1969) (decisional date June 2, 1969), said plea must be set aside where the record of the plea proceedings shows that defendant was not advised of his right against compulsory self-incrimination, and, consequently, made no affirmative waiver of this right. *People v Jaworski,* 387 Mich 21 (1972). This defendant's guilty plea was accepted on April 5, 1971, and, thus, is governed by the *Jaworski* interpretation of the *Boykin* decision. Therefore, we vacate the defendant's conviction and remand to the circuit court for further proceedings consonant with this opinion.